UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLIN S.K. CORREA, | |
| Plaintiff, | |
| -against- | 25-CV-6347 (KMW) |
| U.S. GENERAL SERVICES ADMINISTRATION; STEPHEN EZEKIAN, ACTING AMINISTRATOR, | ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |
| Defendants. | |

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, and the New York City and New York State Human Rights Laws, alleging that his employer discriminated against him based on his race, color, religion, sex, national origin, and age. He sues the United States General Services Administration ("GSA") and GSA Acting Administrator Stephen Ezekian. By Order dated August 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.). For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," supported by mere conclusory statements." *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

**BACKGROUND**

The following facts are drawn from the complaint.[1] (ECF No. 1.) Plaintiff is a Hawaiian male, who has a tan complexion and identifies as gay. (*Id.* at 3.) He describes his national origin as the Hawaiian Islands and his race as Hawaiian/Chinese/Lusitanian. (*Id.* at 3-4.) Although Plaintiff asserts claims under the ADEA, he does not state his age. (*Id.* at 4.) Plaintiff was previously employed by the GSA.

Plaintiff alleges that on October 30, 2023, HR Specialist Nicole Royster notified Plaintiff that he was "not selected for the Program Analyst GS-0340CY-13 position that was advertised under Vacancy Announcement No. 23STFA394NRMP without being interviewed by Mrs. Rebecca Hall, Selecting Official, Business & Acquisition Management Staff, OHRM." (*Id.* at 5.) Plaintiff checks boxes on the complaint form suggesting that his employer terminated his employment, did not promote him, and retaliated against him. (*Id.*)

Plaintiff alleges that on January 4, 2024, he filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") or another government agency. (*Id.* at 6.) He states that he received a Notice of Right to Sue from the EEOC, but he does not provide the date on which he received that notice and does not attach the notice to his complaint. Plaintiff attaches only what appears to be a GSA "Formal Complaint of Discrimination" form. (*Id.* at 8.). Plaintiff seeks to be reemployed and promoted, as well as "[b]ack pay between GS-12 Step 9 and GS-13 Step 4." (*Id.* at 6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

## DISCUSSION

A.   **Claims Under Title VII and the ADEA**

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]

42 U.S.C. § 2000e-2(a).  The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]"  29 U.S.C. § 623(a)(1).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions).  Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes.  *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (summary order) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).  The plaintiff "may do so by alleging facts that directly show

4

discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim under the ADEA, a plaintiff must allege that an employer took adverse action because of the plaintiff's age; that is, that age was *the* reason the employer took an adverse action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009). "Thus, to establish age discrimination under the ADEA, a plaintiff must prove that age was the but-for cause of the employer's adverse decision." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302-03 (2d Cir. 2021) (quoting *Gross*, 557 U.S. at 176) (internal quotation marks omitted)).

Here, Plaintiff alleges that he was not selected for a promotion, but he alleges no facts suggesting that his race, color, religion, sex, national origin, or age played any role in his employer's decision to deny him the promotion. The Court therefore dismisses Plaintiff's claims under Title VII and the ADEA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims Under 42 U.S.C. § 1981**

Plaintiff also attempts to assert claims under 42 U.S.C. § 1981. Section 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." Section 1981 protects "against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). The phrase "under color of state law" applies only to state actors, not federal officials. *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). Accordingly, an employment discrimination action under Section 1981 cannot be brought against a federal defendant. *See id.* The Court therefore dismisses Plaintiff's Section 1981 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Claims Under State Law

Plaintiff cannot bring state law claims for employment discrimination under the New York City or New York State Human Rights Laws because Title VII and the ADEA provide the exclusive remedies for claims of employment discrimination by federal employees.  *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 828-29, 833-34 (1976); *Song v. Becerra*, No. 22-CV-9678, 2022 WL 17618485, at *1 (S.D.N.Y. Dec. 13, 2022) (Cronan, J.) ("Plaintiff also cannot bring state law claims . . . under the [New York State Human Rights Law] because Title VII and the ADEA provide the exclusive, preemptive judicial remedy for claims of discrimination in federal employment."); *DiPetto v. Potter*, No. 08-CV-4927, 2011 WL 4356163, at *2 (E.D.N.Y. Sept. 14, 2011) ("Plaintiff's claims under the New York State Human Rights Law must be dismissed because Title VII provides the exclusive remedy for federal employees asserting employment discrimination claims." (citing *Brown*, 425 U.S. at 835)); *Mitchell v. Chao*, 358 F. Supp. 2d 106, 112 (N.D.N.Y. 2005) ("[T]he ADEA provides the exclusive remedy for federal employees who allege age discrimination." (citing *Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir. 1983)). Accordingly, the Court dismisses Plaintiff's claims under the New York City and New York State Human Rights Laws for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se*

complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Title VII and the ADEA, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his Title VII and ADEA claims in an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   September 2, 2025
         New York, New York

                                            /s/ Kimba M. Wood
                                            KIMBA M. WOOD
                                            United States District Judge